Argued October 31, modified December 12, 1916.

## OLIVER *v.* CRANE.

(161 Pac. 254.)

**Attorney and Client—Action for Fees—Answer—Contingent Fee Contract.**

1. In an action for attorney's fees, where the complaint alleged that the fees were in part agreed upon and asked for a reasonable value of the balance, an answer generally denying allegations of the complaint "except as hereinafter alleged," and then alleging that the services were rendered on a contingent fee and no damages were recovered, was sufficient to raise the issue that plaintiff was employed on a contingent fee contract.

   [As to right of attorney to recover compensation, see note in 127 Am. St. Rep. 841.]

2.    In an action for attorney's fees, where the evidence as to part
of the employment and the reasonable value of the services rendered
thereunder was undisputed, but the jury returned a verdict only for
the amount actually expended by the attorney, the Supreme Court
will add to the judgment the uncontroverted value of the services
not contested.

From Union: JOHN W. KNOWLES, Judge.

In Banc.    Statement PER CURIAM.

This is an action by Turner Oliver against Susan
Crane, Lonzo Crane and Christopher Crane.

Testimony on behalf of the defendants in relation
to the contract involved in the first cause of action was
given as follows:

"He was employed to fight the company.    I asked
him how much percentage he wanted, and he said $10
on the $100 for the first $500, and after that $25—what
he got.    It was to come out of what he got out of it,
if we sold it to the company."

This was an action to recover the value of legal ser-
vices rendered by plaintiff to defendants.    The first
cause of action alleged that in November, 1908, defend-
ants became jointly indebted to Ramsey & Oliver in
the sum of $316.67 for services rendered as attorneys
in defending an action brought against defendants by
the Oregon Railroad & Navigation Company; that
thereafter defendants employed said firm to try said
action in the Supreme Court of the State of Oregon
on appeal, agreeing to pay a reasonable compensation
therefor and to repay any moneys they should advance
on said appeal; that said firm did try the action in the
Supreme Court; that their services were reasonably
worth $250, and that they advanced a filing fee of $10
and $32 for printing briefs, no part of which has been
repaid, except the sum of $40; that the case was sent
back to the Circuit Court for retrial, and was after-

ward dismissed by the plaintiff, Oregon Railroad & Navigation Company, and that there is now due and owing from said defendants for said services the sum of $568.67; that Ramsey has assigned his interest to plaintiff. For a second cause of action it was alleged that in October, 1909, the defendants employed plaintiff to bring any necessary action or actions to enforce their rights against the Oregon Railroad & Navigation Company in certain real estate owned by defendants in La Grande, Oregon, which the said company had seized and appropriated to their own use, and to defend any action that might be brought against defendants concerning said lands by said company, and agreed to pay him a reasonable compensation for his services; that pursuant to this agreement plaintiff commenced an action in ejectment against said company, which was tried out in the Circuit Court, and that the reasonable value of plaintiff's services in said court was $500, and that plaintiff advanced costs for trial and reporter's fees amounting to $16.50; that said action was appealed to the Supreme Court by both parties, and that plaintiff's services in trying the case in the Supreme Court were worth $154.80, which defendants undertook and promised to pay; that there is due in said behalf $1,171.30. For a third cause of action plaintiff alleges that in December, 1910, the defendants employed him to commence an action of ejectment in the Circuit Court against the City of La Grande in respect to lands owned by them, and agreed to pay him what his services should be reasonably worth; that said action is still pending, and that $100 is a reasonable compensation for said services. Defendants answered the first cause by a general denial "except as hereinafter alleged," and by what is termed a further and separate answer they allege:

"That they are not indebted in any sum of money whatever to Ramsey & Oliver, or to the plaintiff, for that the litigation mentioned in the first cause of action was to be conducted by said Ramsey & Oliver on a contingent fee, whereby they were to have one third of the damage recovered, and were to pay the costs of said litigation themselves, and hold the defendants harmless therefrom; that no damages were recovered, and defendants allege that they do not owe Ramsey & Oliver or the plaintiff anything for said or any services."

There was a like general denial of the second cause of action, and an affirmative allegation in respect thereto as follows:

"That with respect to the litigation referred to in defendant's second, further and separate answer and defense the defendants entered into an agreement with the plaintiff whereby he was to furnish the legal services in connection with said litigation on a contingent fee of one third of the damages recovered; that the defendants recovered in said action the sum of $1 damages, whereby they owe the plaintiff one third of said amount, and no more."

As to the third cause of action there was a general denial coupled with the words "except as hereinafter alleged," but nothing is affirmatively pleaded in the answer. Motions to strike out each separate answer were interposed and overruled, as were demurrers to each of the defenses; and, a reply having been filed, the case went to trial, and the plaintiff had a verdict and judgment for $223.63, from which he appeals.

MODIFIED.

For appellant there was a brief over the names of *Mr. Turner Oliver* and *Mr. Joel H. Richardson,* with an oral argument by *Mr. Oliver, in pro. per.*

For respondent there was no appearance except a brief submitted over the names of *Mr. Charles H. Finn* and *Messrs. Crawford & Eakin.*

Opinion PER CURIAM.

1. Taken as a whole, the denials to the first two causes of action are sufficient to raise the issues to which the defendants' testimony was directed. Objection was made to the admission of certain letters of plaintiff to the defendants, but we are of the opinion that they had at least a remote bearing upon the issues tried and were admissible.

2. As to the third cause of action the testimony of plaintiff indicated that plaintiff was employed as alleged, and that the services were worth the sum of $100, and this testimony was uncontroverted. The court should have directed the jury to include this amount in any verdict which they might render. It is apparent that the jury returned a verdict for plaintiff only for the amounts of money actually expended by him on behalf of the defendants, and we will add thereto the sum of $100 for services in the case against the City of La Grande and affirm the judgment as so amended. The plaintiff will have judgment here for the sum of $323.63, and his costs and disbursements in this court and in the Circuit Court.          MODIFIED.